**SHERIFF'S ENTRY OF SERVICE**

| | |
|---|---|
| Civil Action No. 14CV2762-1 | Superior Court ☐  Magistrate Court ☐ |
| | State Court ☐  Probate Court ☐ |
| Date Filed 03/07/2014 | Juvenile Court ☐ |
| | Georgia, ~~Fulton~~ DeKalb COUNTY |

Attorney's Address

Millar & Mixon, LLC
1691 Phoenix Blvd., Suite 150
Atlanta, GA 30349

Myra Fuicron
_____
**Plaintiff**

VS.

Name and Address of Party to be Served.

Karl T. Humphrey
17 Executive Park Dr. Ste 230
Atlanta, GA 30329

825.K921

Mail Centers Plus, LLC
_____
**Defendant**

_____
**Garnishee**

**SHERIFF'S ENTRY OF SERVICE**

☐ **PERSONAL** — I have this day served the defendant _____ personally with a copy of the within action and summons.

☐ **NOTORIOUS** — I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

☑ **CORPORATION** — Served the defendant Mail Centers Plus, LLC a corporation by leaving a copy of the within action and summons with Carles Woters in charge of the office and place of doing business of said Corporation in the County.

☐ **TACK & MAIL** — I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ **NON EST** — Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

**Exhibit A**

This 24 day of March, 2014.

97 #2143

**DEPUTY**

SHERIFF DOCKET _____ PAGE _____   WHITE-CLERK  CANARY-PLAINTIFF  PINK-DEFENDANT

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Civil Action # 14CV2762-1

Myra Fulcrow
_____

Plaintiff

VS

Mail ~~Centers~~ Plus, LLC

Defendant

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, or if service by publication within 60 days of judges order of publication, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 7th day of March, 2014.

Debra DeBerry
Clerk of Superior Court

By: _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.



FILED
2014 MAR -7 PM 4: 25
CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MYRA FURCRON, | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CIVIL ACTION FILE NO. |
| | ) 14CV2762-1 |
| MAIL CENTERS PLUS, LLC, | ) |
| | ) |
| DEFENDANT. | ) JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff, Myra Furcron (hereinafter "Plaintiff"), by and through her undersigned counsel of record, and sets forth this Complaint for Damages against the above-named Defendant. Mail Center Plus, LLC (hereinafter "Defendant Employer") is a domestic for-profit corporation doing business in the state of Georgia. Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1.

This action is for sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000 et seq. (hereinafter "Title VII"). Plaintiff seeks declaratory and injunctive relief, back pay, front pay, and compensatory damages.

## VENUE

2.

Venue is proper in DeKalb County, Georgia, pursuant to O.C.G.A. Section 14-2-510.

## PARTIES AND JURISDICTION

3.

Plaintiff is a female citizen of the United States, and resides in Georgia.

4.

This Court has personal jurisdiction over Defendant Employer.

5.

Defendant Employer may be served through its registered agent: Karl T. Humphrey, 17 Executive Park Drive, Suite 230, Atlanta, Georgia 30329, if service of process is not waived.

## FACTUAL ALLEGATIONS

6.

Defendant Employer provides document management, managed services, and consulting in facilities and administrative support activities.

7.

Defendant Employer is an employer as defined under Title VII.

8.

Defendant Employer employed fifteen or more employees for each working day in each of twenty or more calendar weeks in 2011 through the present.

9.

Defendant Employer is subject to the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended.

10.

Plaintiff began employment with Defendant Employer in or around 2008.

11.

In or around 2010, Plaintiff began working as a distribution clerk onsite at The Coca-Cola Company ("TCCC") in the Receiving Dock Department ("Dock Dpt").

12.

In or around late 2012, Defendant Employer transferred Danny Seligman ("Seligman") to work in the same department as Plaintiff.

13.

Upon information and belief, Seligman has autism.

14.

Prior to Seligman's transfer to the Dock, there have been multiple complaints raised against Seligman's sexual harassing and threatening conduct in the workplace.

15.

Specifically, Seligman had made threats to commit murder.

16.

In addition, Seligman had admitted to stalking a female employee of TCCC.

17.

Defendant Employer had knowledge of the above-mentioned complaints when it transferred Seligman to work in the Dock Dpt.

18.

Defendant Employer transferred Seligman to the Dock Dpt in response to the complaints raised against Seligman when he worked in other departments.

19.

After Defendant Employer transferred Seligman to the Dock Dpt, Plaintiff worked in the same area as Seligman and interacted with him on a daily basis.

20.

Immediately after Seligman started working in the Dock Dpt, he began to invade Plaintiff's personal space on a daily basis by standing within approximately one foot of Plaintiff while she worked.

21.

Plaintiff told Seligman to stop standing so close to her because he was making her uncomfortable.

22.

Despite Plaintiff's complaint, Seligman continued to stand approximately one foot of Plaintiff while she worked.

23.

In addition, Seligman stared at Plaintiff on a daily basis while she worked.

24.

Often while staring at Plaintiff, Seligman would have an erect penis.

25.

Plaintiff told Seligman to stop staring at her because he was making her uncomfortable.

26.

Despite Plaintiff's complaint, Seligman continued to stare at Plaintiff while she worked.

27.

In addition, Seligman deliberately rubbed up against Plaintiff on a daily basis whenever he walked past her.

28.

Plaintiff told Seligman to walk farther away from her when he walked past her because she did not want to be touched.

29.

Despite Plaintiff's complaint, Seligman continued to rub up against Plaintiff whenever he walked past her.

30.

Plaintiff complained to her supervisors, Roger Maloney and Michael Wright, that she felt uncomfortable working with Seligman because he invaded her personal space, stared at her, and rubbed up against her.

31.

Plaintiff was told that Seligman did not mean any harm and that she should tolerate his inappropriate conduct since he was autistic.

32.

Shortly after Seligman began working in the Dock Dpt, Plaintiff noticed that Seligman exhibited an erection that lasted for most of the workday on a daily basis.

33.

On or around November 30, 2012, Plaintiff took a picture of Seligman from the neck down ("Picture").

34.

Plaintiff took a picture of Seligman to support her complaint that Seligman exhibited a constant erection in the workplace.

35.

On or around December 3, 2012, Plaintiff complained to Mr. Maloney that she did not feel comfortable working with Seligman and that she felt sexually harassed by Seligman.

36.

Plaintiff complained to Mr. Maloney that Seligman exhibited an erection during work hours on a daily basis.

37.

Plaintiff showed Mr. Maloney the Picture that she had taken to prove Seligman's erection.

38.

Mr. Maloney laughed in response to Plaintiff's complaint and the Picture, and told Plaintiff not to worry about it.

39.

Plaintiff told Mr. Maloney that she would like Mr. Maloney to report her complaint to Defendant Employer's Human Resources ("Human Resources").

40.

Plaintiff did not receive any response from Human Resources after her complaint to Mr. Maloney.

41.

On or around December 4, 2012, Plaintiff approached Michael Wright and Vandrena Armstrong with her complaint.

42.

When Plaintiff attempted to show Mr. Wright the Picture, Mr. Wright laughed and told Plaintiff and that she does not have to show him.

43.

When Plaintiff showed Ms. Armstrong the Picture, Ms. Armstrong laughed and confirmed the erection.

44.

Plaintiff did not receive any response from Human Resources after her complaints to Mr. Wright and Ms. Armstrong.

45.

On or around December 5, 2012, Plaintiff sent an email to Human Resources and two managers of Defendant Employer, and included the Picture.

46.

In her email, Plaintiff stated her concerns regarding Seligman, including his constant erection in the workplace during work hours, and requested to speak to someone about her complaint.

47.

Shortly after Plaintiff's email, Human Resources contacted Plaintiff for a meeting ("December Meeting").

48.

During the December Meeting, Plaintiff raised her complaints regarding Seligman's constant erection, prior complaints of sexual harassment and threatening conduct in the workplace against Seligman, and how uncomfortable she felt working with Seligman.

49.

In response to Plaintiff's complaints, Defendant Employer suspended Plaintiff without pay and told her not to return to work until Defendant Employer contacts her.

50.

On or around December 6, 2012, Defendant Employer fired Plaintiff.

51.

The reason that Defendant Employer fired Plaintiff was in retaliation for Plaintiff's complaints of sexual harassment.

52.

Plaintiff filed a Charge of Discrimination (hereinafter the "Charge") with the Equal Employment Opportunity Commission (hereinafter the "EEOC") on December 11, 2012.

53.

A true and accurate copy of the Charge is attached hereto as Exhibit "A" and incorporated herein.

54.

The sexual harassment as alleged in the EEOC Charge occurred within 180 days of Plaintiff filing her EEOC Charge.

55.

On or around December 10, 2013, the EEOC issued Plaintiff a Notice of Right to Sue.

56.

A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and incorporated herein.

57.

This action has been timely commenced within 90 days of the issuance of the Notice of Right to Sue.

58.

Plaintiff has exhausted all administrative remedies prior to filing this action.

## COUNT ONE: VIOLATION OF TITLE VII SEXUAL HARASSMENT

59.

Plaintiff incorporates by reference paragraphs 1-58 above, as if fully set forth herein.

60.

Plaintiff belongs to a protected group (female) as defined by Title VII.

61.

Seligman engaged in unwelcome sexual harassment of Plaintiff as described above.

62.

The harassment of Plaintiff was because of her gender.

11

63.

This unwelcome sexual harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment and/or to create a hostile and discriminatorily abusive working environment.

64.

Defendant Employer knew or should have known of Seligman's sexual harassment of Plaintiff, and failed to take prompt and appropriate remedial measures to stop the harassment.

65.

As a direct and proximate result of Defendant Employer's above-mentioned discriminatory conduct, Plaintiff suffered lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

## COUNT TWO: TITLE VII PROHIBITED RETALIATION

66.

Plaintiff incorporates by reference paragraphs 1-65 above, as if fully set forth herein.

67.

Plaintiff engaged in activity protected under Title VII by opposing the hostile work environment created by Seligman's sexual harassment.

68.

Subsequent to Plaintiff's opposition to Seligman's sexual harassment, Plaintiff suffered multiple adverse employment actions, including but not limited to unpaid suspension and ultimately, termination.

69.

Plaintiff's employment with Defendant Employer was suspended and terminated in retaliation for Plaintiff engaging in statutorily protected activity.

70.

As a direct and proximate result of Defendant Employer's retaliatory conduct towards Plaintiff, Plaintiff has suffered lost wages and benefits, significantly diminished employment opportunities, and emotional distress in the form of outrage, shock, and humiliation.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)  that Summons issue;

(b)  that Defendant be served with Summons and Complaint;

(c)  that trial by jury of all issues be had;

(d)  that judgment be issued against Defendant for any and all general, special, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e)     for injunctive relief;

(f)     for all costs of this action to be taxed against Defendant;

(g)     for all costs and attorney's fees to be awarded to Plaintiff; and

(h)     for any and all other further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted, this 10th day of March, 2014.

*/s/ J. Stephen Mixon*
J. STEPHEN MIXON
Georgia Bar No.514050
steve@mixon-law.com

*/s/ Alex R. Roberson*
ALEX R. ROBERSON
Georgia Bar No.558117
alex@mixon-law.com

MILLAR & MIXON, LLC
1691 Phoenix Boulevard, Ste. 150
Atlanta, Georgia 30349
T: 770-955-0100
F: 678-999-5039

14