IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MYRA FURCRON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:14-CV-1188-RWS-JSA |
| MAIL CENTERS PLUS, LLC, | : |
| | : |
| Defendant. | : |

### ORDER

This case is before the Court for consideration of the Report and Recommendation [80] of Magistrate Judge Justin S. Anand, granting in part and denying in part Defendant's Motion to Exclude [74] and recommending that Defendant's Motion for Summary Judgment [53] be granted and judgment be entered in favor of Defendant on all of Plaintiff's claims. After carefully considering the Report and Recommendation, the objections thereto, and the Record, the Court enters the following Order, accepting in part and rejecting in part the Report and Recommendation.

**Background**

The Court adopts the Background and Statement of Facts as set forth in the Report and Recommendation.

**Discussion**

The Court accepts in part and rejects in part the Report and Recommendation on Plaintiff's Title VII claims. Specifically, and as discussed more fully below, the Court disagrees with the Report and Recommendation's conclusion that the harassment Plaintiff encountered was not sufficiently severe or pervasive to alter the terms and conditions of employment. The Court accepts, however, the conclusion of the Report and Recommendation that Plaintiff did not create a genuine issue of material fact that any harassment was based on sex (as a protected class under Title VII), and accordingly reaches the same outcome: that Defendant is entitled to summary judgment.

**I.   Plaintiff's Title VII Sexual Harassment Claim**

As stated in the Report and Recommendation, an employer is liable for a violation of Title VII based on sexual harassment when the harassing conduct "unreasonably interferes with an employee's job performance by creating a hostile, intimidating, or offensive work environment." Meritor Savings Bank

2

v. Vinson, 477 U.S. 57, 65 (1986).  To establish a prima facie case for a hostile work environment based on sexual harassment, a plaintiff must show that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex (or race or another protected class under Title VII); (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment; and (5) there is a basis for holding the employer liable for the harassment either directly or indirectly.  See Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002); Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir. 1995).

    The Report and Recommendation focused on the third and fourth prongs of this analysis, concluding that Plaintiff did not create a genuine issue of material fact as to either question.  The Court assumes without deciding that Plaintiff could either establish or show a genuine issue of material fact on the other factors, and instead focuses its analysis only on the severity and the basis of the harassment.

    As set forth in the Report and Recommendation, to demonstrate the fourth element of a prima facie case of a hostile work environment, a plaintiff must show that her work environment was "permeated with discriminatory

3

intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." Harris v. Forklift Sys. Inc., 510 U.S. 17, 21 (1993).  A court must consider the "totality of the circumstances" in determining whether a hostile environment is severe or pervasive enough to be actionable under Title VII; it must consider not only the frequency of the incidents alleged but also the gravity of those incidents.  Id. at 23; Vance v. Southern Bell Tel. & Tel. Co., 863 F.2d 1503, 1511 (11th Cir. 1989).  Other factors that are relevant are whether the offensive conduct is physically intimidating or humiliating, and whether it unreasonably interferes with Plaintiff's work performance.  Harris, 510 U.S. at 23.

As the Supreme Court has stated, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (citation omitted).  In evaluating whether a reasonable person would find conduct to be sufficiently severe or pervasive, "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" Oncale v. Sundowner Offshore Services,

4

Inc., 523 U.S. 75, 81 (1998); see also Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc) ("court should examine the conduct in context, not as isolated acts, and determine under the totality of the circumstances whether the harassing conduct is sufficiently severe or pervasive to alter the terms or conditions of the plaintiff's employment and create a hostile or abusive working environment."). Whether conduct could be objectively perceived as severe or pervasive is an issue for the jury unless no reasonable jury could find the conduct to be severe or pervasive.

      The Court finds that the Report and Recommendation did not sufficiently construe the facts in favor of Plaintiff, the non-moving party. When viewing the totality of the circumstances in the light most favorable to Plaintiff, the Court cannot conclude that no reasonable jury could find that Seligman's conduct was neither severe nor pervasive enough to alter the terms or conditions of Plaintiff's employment. Disputes about the frequency of Seligman's contact with Plaintiff, the fact that Plaintiff "never felt [Seligman's erection]" when he brushed or bumped up against her, or that Seligman never said anything of a sexual nature to Plaintiff cannot compel a finding for Defendant as a matter of law. The Court finds that Plaintiff has provided

5

sufficient evidence to create a genuine issue of material fact as to this factor, and therefore **REJECTS** that portion of the Report and Recommendation.

But the Report and Recommendation also found that Defendant was entitled to summary judgment because no genuine issue of material fact remained that any harassment was "based on sex."

Because the Court accepts the Magistrate Judge's conclusion that Plaintiff has not made a showing that any harassment was "based on sex" or membership in a protected class, the Court **ADOPTS** the ultimate conclusion awarding summary judgment to Defendant.  In order to implicate Title VII, Plaintiff must show that her working conditions were discriminatorily altered because of her gender.  See Harris v. Forklift Sys., Inc., 510 U.S. 17, 25 (1993) (Scalia, J., concurring); Carr v. Allison Gas Turbine Div., General Motors Corp., 32 F.3d 1007, 1009 (7th Cir. 1994).  The evidence in the record shows that Seligman's "constant" erection did not relate to Plaintiff's sex or gender. Plaintiff has not offered any evidence to show that Seligman singled her out because of her sex, and accordingly, her Title VII sexual harassment claim must fail.

Based on the foregoing, summary judgment is **GRANTED** to Defendant

6

on Plaintiff's sexual harassment claim.

## II. Plaintiff's Title VII Retaliation Claim

The Court receives the Report and Recommendation as to Plaintiff's Title VII retaliation claim with approval and adopts it as the Opinion and Order of the Court. Accordingly, Defendant's Motion for Summary Judgment as to these claims is hereby **GRANTED**.

## Conclusion

In light of the foregoing, Defendant's Motion for Summary Judgment [80] is **GRANTED**. The Clerk is **DIRECTED** to close this action.

**SO ORDERED**, this 30th day of September, 2015.

_____
**RICHARD W. STORY**
United States District Judge