**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MYRA FURCRON,

　Plaintiff,

v.

MAIL CENTERS PLUS, LLC,

　Defendant.

CIVIL ACTION NO.
1:14-CV-01188-RWS

## **ORDER**

This case comes before the Court on remand from the Eleventh Circuit Court of Appeals for consideration of Defendant's Motion for Summary Judgment [53] and Defendant's Motion to Exclude Declarations Filed in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment [74]. After considering the record, the Court enters the following Order.

### **Background**

This case arises out of Plaintiff Myra Furcron's employment with and termination from Defendant Mail Centers Plus, LLC. Plaintiff claims that

AO 72A
(Rev.8/82)

Defendant subjected her to unlawful sexual harassment and unlawfully retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*.

## I.  Factual Background

The Court adopts the Facts as set forth in the Report and Recommendation [80].

## II.  Procedural Background

Plaintiff filed her Complaint [1-1] in the Superior Court of DeKalb County on March 7, 2014. On April 22, 2014, Defendant removed the action to federal court. (Notice of Removal, Dkt. [1].) Defendant subsequently filed a Motion for Summary Judgment [53] and a Motion to Exclude Declarations Filed in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Motion to Exclude") [74]. The Magistrate Judge issued an Order and Final Report and Recommendation [80] granting in part and denying in part Defendant's Motion to Exclude [74] and recommending the Court grant Defendant's Motion for Summary Judgment [53]. As to the Motion to Exclude [74], the Magistrate Judge's Order [80] excluded Plaintiff's affidavit insofar as it contradicted her prior sworn deposition testimony under the sham affidavit

2

rule and excluded Tameka Johnson's Declaration in its entirety as largely immaterial.  In recommending the Court grant Defendant's Motion for Summary Judgment [53], the Magistrate Judge concluded that as to her claim for sexual harassment, Plaintiff could not show that the alleged harassment was based on sex or that it was sufficiently severe or pervasive so as to alter the terms and conditions of her employment.  As to her claim for retaliation, the Magistrate Judge concluded that assuming Plaintiff presented a prima facie case of retaliation, Defendant presented evidence of its legitimate reasons to suspend and terminate her employment which Plaintiff failed to show was merely a pretext to disguise unlawful retaliation.

On September 30, 2015, the Court entered an Order [87] adopting the Final Report and Recommendation's ultimate conclusion as to both claims.  As to the sexual harassment claim, the Court found that the Magistrate Judge failed to view the evidence in the light most favorable to the Plaintiff as the non-moving party as to whether the alleged harassment was sufficiently severe or pervasive so as to alter the terms and conditions of her employment.  The Court agreed, however, that Plaintiff failed to establish that the alleged harassment was based on sex.  The Court also agreed with the Magistrate

3

Judge's reasoning and conclusion as to the retaliation claim. The Court granted summary judgment in favor of Defendant on both claims and dismissed this action.

Plaintiff appealed the Court's Order [87]. On December 16, 2016, the Eleventh Circuit issued an opinion affirming in part and vacating and remanding in part. Furcron v. Mail Ctrs. Plus, LLC, 843 F.3d 1295 (11th Cir. 2016). The case is now before the Court on remand from the Eleventh Circuit.

## Discussion

**I.     Legal Standard**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal

4

quotation omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 249–50.

Additionally, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  No genuine issue of material fact exists "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.  Thus, if a party who has the burden of proof fails to make a showing sufficient to establish the existence of any essential element to

5

a claim, summary judgment may be properly granted against them. Id.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences that are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249–50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II. Analysis[1]

An employer is liable for violation of Title VII based on sexual

---

[1] The Eleventh Circuit upheld the potion of the Court's Order [87] granting summary judgment as to Plaintiff's claim for retaliation. That portion of the Order [87] therefore remains in effect.

6

harassment when the harassing conduct unreasonably interferes with an employee's job performance by creating a hostile, intimidating, or offensive work environment. Meritor Sav. Bank v. Vinson, 477 U.S. 57, 65 (1986). To establish a *prima facie* case for a hostile work environment based on sexual harassment, Plaintiff must show that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex (or race or another protected class under Title VII); (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment; and (5) there is a basis for holding the employer liable for the harassment either directly or indirectly. See Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002); Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir. 1995).

In its Order [87] adopting the ultimate conclusion of the Magistrate Judge's Report and Recommendation [80] and granting Defendant's Motion for Summary Judgment [53], the Court held that the Report and Recommendation [80] failed to sufficiently construe the facts in favor of Plaintiff as the non-moving party as to the fourth factor. (Order, Dkt. [87], at 5.) A genuine issue of material fact therefore existed as to the fourth factor of the prima facie case.

7

As to the third factor, the Court adopted the Report and Recommendation's conclusion that Plaintiff failed to show that any harassment was "based on sex" or her membership in a protected class. (Id. at 6.) It is that determination as to the third factor that is before the Court on remand from the Eleventh Circuit.[2]

The Eleventh Circuit instructed the Court to reconsider the exclusion of Tameka Johnson's Declaration as "largely immaterial." Upon further review of the record, and in light of the Eleventh Circuit's opinion, the Court now rules that Johnson's Declaration is admissible evidence. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than would be the case without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Whether the harassment Furcron allegedly faced was based on sex is made more probable by the facts Johnson swore to in her Declaration. Whether the harassment was based on sex is a fact of consequence in this action because it is a necessary element to Plaintiff's prima facie case. Additionally, the Johnson Declaration is admissible under Rule

---

[2] In its Order [87], the Court assumed without deciding that Plaintiff could establish or show a genuine issue of material fact as to factors one, two, and five of the prima facie case of her claim. (Order, Dkt. [87], at 3.) The Court now holds that Plaintiff has met her burden at the summary judgment stage as to these three elements.

8

404(b), which "permits the admissibility of so-called 'me too' evidence to prove intent to discriminate and retaliation." Furcron, 843 F.3d at 1309 (citing Goldsmith v. Bagby, 513 F.3d 1261, 1285–86 (11th Cir. 2008)).

At this stage in the litigation, Defendant does not contest the admissibility of Johnson's Declaration under either Rule 401 or 404(b). It instead argues for the first time that the Declaration is inadmissible because it "lacks detail and specificity" and because "its probative value is substantially outweighed by its harm and cumulative effect since it too supports that Seligman's actions were not based on sex." (Def.'s Post-Remand Br. in Supp. of Striking Tameka Johnson's Decl. ("Def.'s Br."), Dkt. [104], at 1.) The Court rejects both of these arguments.

Defendant's arguments are based on Rule 403, which provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As to the vagueness of Johnson's Declaration, Defendant complains that it fails to explain, for example, when the incidents between Johnson and

9

Seligman occurred, how often they occurred, whether she reported the alleged sexual harassment, when that report was made, and the relevant time period. (Def.'s Br., Dkt. [104], at 3.) Defendant also argues that Johnson did not have first hand knowledge of Plaintiff's complaint about Seligman. (Id. at 4.) The Court finds, however, that Johnson's Declaration is sufficiently based upon her personal knowledge and is not so vague as to be excluded. Defendant has failed to show that the Declaration's probative value is substantially outweighed by any prejudice or risk of misleading the jury as required by Rule 403.

Defendant next argues that Johnson's Declaration presents needlessly cumulative evidence that Seligman's actions were not based on sex, so it should therefore be excluded under Rule 403. Defendant focuses on one of Johnson's statements: "I witnessed Mr. Seligman exhibiting these behaviors towards other MCP employees including Myra Furcron" (Decl. of Tameka Johnson, Dkt. [104-1] ¶ 7). This statement, Defendant argues, is duplicative of other evidence in the record showing that both men and women experienced harassment by Seligman. (Def.'s Br., Dkt. [104], at 5.) This argument, however, picks one sentence from the Declaration and fails to take it in the

10

light most favorable to the Plaintiff as the non-moving party. Even if this one sentence is cumulative, any risk of needlessly presenting cumulative evidence fails to substantially outweigh the probative value of Johnson's Declaration as required by Rule 403. Johnson's Declaration is therefore admissible, and the Court will consider it when ruling on Defendant's Motion for Summary Judgment [53].

In its opinion, the Eleventh Circuit held that "the inclusion of Johnson's Declaration would preclude a grant of summary judgment " by creating a genuine issue of material fact as to whether the alleged harassment was based on sex. Furcron, 843 F.3d at 1309. Summary judgment is therefore inappropriate at this stage, and Defendant's Motion for Summary Judgment [53] is denied as to Count I for sexual harassment.

## Conclusion

In accordance with the foregoing, the Court **VACATES in part** the Magistrate's Order as it relates to Tameka Johnson's Declaration. Defendant's Motion to Exclude Declarations Filed in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment [74] is therefore **GRANTED in part and DENIED in part** as to Plaintiff's Declaration and **DENIED** as to

11

Tameka Johnson's Declaration.  Defendant's Motion for Summary Judgment [53] is **DENIED in part and GRANTED in part**.  Count II is therefore **DISMISSED**.  The parties are **ORDERED** to file a proposed consolidated pretrial order within 30 days of the entry of this Order.

**SO ORDERED**, this 12th day of July, 2017.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)