IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MYRA FURCRON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION FILE NO. |
| V. ) | |
| ) | 1:14-CV-01188-RWS |
| MAIL CENTERS PLUS, LLC ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

**MOTION FOR EQUITABLE RELIEF**

Plaintiff Myra Furcron, pursuant to 42 U.S.C. § 2000e–5(g)(1), files this Motion for Equitable Relief and in support states the following:

**I. INTRODUCTION**

Following a three day trial, on February 15, 2018, the jury returned their verdict finding the Defendant liable for violating Title VII by permitting Plaintiff to suffer sexual harassment in the workplace. [Doc. 137]. Judgment was entered against Defendant the following day, on February 16, 2018. [Doc. 139]. As a prevailing party, Plaintiff is entitled to all relief available under Title VII to make her whole and to fulfill the remedial purposes of Title VII – and this includes equitable relief pursuant to 42 U.S.C. § 2000e-5(g)(1). She not only pled for this

1

relief in her Complaint, Doc. 1-1, but also preserved her right to such relief in the Pre-Trial Order. [Doc. 110 at 34, Att. C]. Plaintiff seeks an injunction requesting four things. First, Plaintiff seeks an injunction directing the Defendant to remove Ms. Furcon's separation notice and any other document that references her reason for her termination as her sexually harassing males from her personnel file and to retain these documents separately under seal. Second, Plaintiff seeks an order prohibiting Defendant from interfering with Plaintiff's future employment. Third, Plaintiff requests equitable relief in the form of requiring Defendant to post adjudication of Plaintiff's claim in its workplace. And fourth, Plaintiff seeks equitable relief requiring the Defendant's managers receive training on what constitutes a complaint of sexual harassment and training on compliance with Title VII.

## II. MEMORANDUM OF LAW

"Once discrimination has been proven, whether by circumstantial or direct evidence, a presumption of entitlement to appropriate remedies such as injunctive and/or declaratory relief [] arises." Lewis v. Smith, 731 F.2d 1535, 1538 (11th Cir. 1984). Section 2000e–5(g)(1) of Title 42 provides that "the [trial] court may enjoin the defendant from engaging in ... unlawful employment practice[s], and order such affirmative action as may be appropriate, ... or **any other equitable relief as**

**the court deems appropriate**." 42 U.S.C. § 2000e–5(g)(1) (emphasis added). The district court has broad discretion in granting post-trial injunctive relief in Title VII cases. See, e.g., Lengen v. Dept. of Transp., 903 F.2d 1464, 1468 (11th Cir. 1990) EEOC v. Frank's Nursery & Crafts, Inc., 177 F.3d 448, 467 (6th Cir.1999); Spencer v. Gen. Elec. Co., 894 F.2d 651, 660 (4th Cir.1990) (noting "a district court must ... exercise its discretion ... to ensure that discrimination does not recur"). At the remedial stage, after a finding of liability, the Court should remedy any discrimination brought to its attention. Any claimed insignificance of the injury is not a defense to relief. As the Eleventh Circuit made clear:

> Title VII gives us no license to decide that any injury, however insignificant, may be regarded as de minimis. As appellant argues, "what is small in principal is often large in principle.

Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1561 (11th Cir. 1986), quoting, Jenkins v. United Gas Corp., 400 F.2d 28, 32-33 (5th Cir. 1968). **Any** award of equitable relief will further the make whole provisions of Title VII and the legislative goal of eradicating discrimination in the workplace. See Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (U.S. 1975)(noting the duty of the courts is "to render a decree which will so far as possible eliminate the discriminatory effects of the past"). Defendant can only avoid the requested equitable relief by

showing through "clear and convincing evidence" that the relief should not be ordered. <u>McCormick v. Attala County Bd. of Ed.</u>, 541 F.2d 1094 (5th Cir. 1976).

Here, jury found that the Defendant had intentionally engaged in an unlawful employment discrimination practice, namely, the Defendant permitted Plaintiff to be the victim of co-worker sexual harassment and did nothing to rectify the situation. Accordingly, this Court should find that the plaintiff is entitled to equitable relief under 42 U.S.C. § 2000e-5(g)(1). As to the specific relief, Plaintiff's requests: (1) expunging records from her personnel files; (2) directing no interference with Plaintiff's future employment; (3) posting of the verdict in this case in Defendant's workplace; and (4) re-training of Defendant's management regarding compliance with Title VII. All of Plaintiff's requests are supported by case law in this Circuit. See <u>Abernethy v. Snow</u>, 151 Fed. Appx. 896, 897 (11th Cir. 2005) (noting trial court ordered defendant to expunge items from plaintiff's personnel file and to post notice of judgment in plaintiff's favor); <u>Hudson v. Chertoff</u>, 484 F. Supp.2d 1268, 1271-72 (SD Fla. 2007) (directing removal of items from plaintiff's personnel file to prevent interference with future employment and collecting cases); <u>Herawi v. State of Alabama</u>, 330 F.Supp 1305, 1310 (MD Ala. 2004) (directing certain documents from the Plaintiff's personnel file be retained separately); <u>Sims v. Montgomery County Comm'n</u>, 766 F. Supp.

1052, 1080 (M.D. Ala. 1990)(directing training for employees). The requested equitable relief will further the make-whole provisions of Title VII; and Defendant cannot meet its high burden of proving by clear and convincing evidence that the requested relief should not be ordered. Accordingly, Plaintiff requests this Court to enter an order providing for the requested equitable relief pursuant to 42 U.S.C. § 2000e–5(g)(1).

### III. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests this Court to order Defendant to: (1) expunge records from her personnel files; (2) not interfere with Plaintiff's future employment; (3) post the verdict in this case in Defendant's workplace; and (4) re-train all of Defendant's management regarding compliance with Title VII.

Respectfully submitted this 15th day of March, 2018,

/s/ Lisa C. Lambert

| | |
|---|---|
| J. Stephen Mixon | Lisa C. Lambert |
| Georgia Bar No. 514050 | Georgia Bar No. 142135 |
| MILLAR & MIXON, LLC | Law Office of Lisa C. Lambert |
| 1691 Phoenix Boulevard | 245 N. Highland Avenue |
| Suite 150 | Suite 230-139 |
| Atlanta, Georgia 30349 | Atlanta, Georgia 30307 |
| (770) 955-0100 | (404) 556-8759 |
| steve@mixon-law.com | lisa@civil-rights.attorney |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

    /s/ Lisa C. Lambert
Lisa C. Lambert

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification to Defendant's counsel of record.

    /s/ Lisa C. Lambert
Lisa C. Lambert