## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MYRA FURCRON,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **V.** | ) | |
| | ) | **1:14-CV-01188-RWS** |
| **MAIL CENTERS PLUS, LLC** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO HER MOTION FOR EQUITABLE RELIEF

After a three-day trial, the jury found Defendant liable for intentional discrimination against the Plaintiff, Myra Furcron, by permitting her to suffer sexual harassment in the workplace. This verdict has legal consequences. But, Defendant appears dismissive of the verdict, arguing that it was only "one statutory violation" and that the case is "over six (6) years old" and that since the inconsistent verdict did not award her any dollar amount, she is not entitled to any equitable relief – as well as making the jaded comment that she only seeks this relief to be awarded attorney's fees. Such defiance in the face of the jury finding Defendant engaged in unlawful conduct is exactly why equitable relief is necessary in this case. Defendant does not equate its liability with any wrongdoing and

implies that only a damages award would deter its conduct. It minimizes its conduct and blames the Plaintiff for seeking fees instead of eradicating discrimination in the workplace, which is, after all, the ultimate purpose of Title VII. Plaintiff's requested relief should be awarded.

Defendant's argument that Plaintiff abandoned her claim for equitable relief is meritless. As noted in her motion, she not only pled for this relief in her Complaint, Doc. 1-1, but also preserved her right to such relief in the Pre-Trial Order. [Doc. 110 at 34, Att. C]. Defendant complains that Plaintiff did not address any request for equitable relief at the pre-trial conference, citing to no case supporting this position. But the award only comes into play after a jury verdict in her favor. Further, such relief is not subject to any jury decision but a determination by this Court. See Lengen v. Dept. of Transp., 903 F.2d 1464, 1468 (11th Cir. 1990).

Contrary to Defendant's argument, it has not provided "clear and convincing evidence" that the requested relief should not be ordered. Defendant argues that it offers anti-discrimination training to its employees on an annual basis, citing to Mr. Davie's Declaration. But, Mr. Davie does not state that this alleged training is any different than the time when Plaintiff worked there – and he makes no statement of any plans to alter the training based on the verdict in this case. At

2

trial, Tameka Johnson testified that she too suffered sexual harassment at the hands of Mr. Seligman shortly **after** Plaintiff's termination, but Seligman continued his employment for another year and a half without any discipline for his acts. Further, Defendant's alleged "investigation" into Plaintiff's claims of sexual harassment failed to include interviews of any of her closest co-workers pursuant to their testimony. Even Chaune Davis, called by the Defendant, testified that no one at the company asked her about Plaintiff's claims – the **first time** she was asked anything about Plaintiff suffering sexual harassment was when she was deposed in this case.

Notably, Mr. Davie states that **he** is in charge of the annual classroom training, Doc. 153-1, ¶6 – and **he** purportedly led the investigation into Plaintiff's complaint. Training, or retraining, of management and Mr. Davie alike is needed. He is the Human Resource Director for a company that operates in "60 U.S. markets serving 315,000 end users." https://www.mailcentersplus.com (last visited 4/12/18). All of these employees should be confident that they will work in a discrimination free environment. This Court has "'not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past **as well as bar like discrimination in the future**.'" Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (U.S. 1975), quoting Louisiana v. United States, 380 U.S. 145, 154 (1965)). Plaintiff suggests requiring Defendant to

incorporate the facts and verdict in this case to educate its management about what it did wrong in addressing Plaintiff's complaints. Further, Defendant needs to train its management employees how to identify a complaint of sexual harassment, and to take it seriously instead of ignoring it, as happened in the instant case.

Defendant also argues that it should not be required to post the verdict in this matter because it would not be of any "benefit" to other employees. Plaintiff disagrees. It would serve as a reminder to management to promptly address discrimination complaints and to all employees of their rights under federal law. As for Defendant's feigned embarrassment at posting the verdict, that is not the issue in awarding equitable relief or the purpose of the request. Though Defendant should be more than just embarrassed that it violated federal law, it should be remorseful. But Defendant only equates wrongdoing with a money judgment claiming that this relief would only be permissible if there was a punitive damage award. Defendant provides no citation for this proposition because that is not the law. Defendant also argues that Abernethy v. Snow, 151 Fed. Appx. 896, 897 (11th Cir. 2005), Hudson v. Chertoff, 484 F. Supp.2d 1268, 1271-72 (SD Fla. 2007) and Herawi v. State of Alabama, 330 F.Supp 1305, 1310 (MD Ala. 2004), are "not relevant" because those cases concerned retaliation claims. But retaliation is another form of discrimination. Plaintiff's requested relief does not simply turn on

the type of unlawful conduct but the fact that unlawful conduct occurred.

As to Plaintiff's request to expunger her personnel file and not interfere with future employment, Defendant argues that it does not provide detailed information to prospective employers and has not interfered in her employment to this date. But, that does not mean these acts will not change following the verdict, hence the request for the relief. Plaintiff accepts, as she must, the Eleventh Circuit's opinion as the law of the case regarding her termination. However, Defendant's reason for terminating Plaintiff's employment should now be read in conjunction with its liability for her being the victim of sexual harassment in its workplace. Either the documents should be expunged or the verdict should be attached to her personnel file.

Finally, as to Defendant's comment that Plaintiff only seeks equitable relief to attain a fee award: Defendant depicts this request as some sort of ruse to attain fees – it is not – and she is entitled to both types of awards. It is mainly through "private attorney's general" that Title VII is enforced and verdicts both big **and** small contribute to the purpose of eradicating invidious discrimination in the nation's workplaces. In enacting Section 1988, Congress asserted that the "'civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to

5

vindicate the important Congressional policies which [those] laws contain.'" Hensley v. Eckerhart, 461 U.S. 424, 445, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (Brennan, J., concurring in part and dissenting in part) (quoting S. Rep. No. 94-1011, at 2 (1976)).

## CONCLUSION

Defendant ignores the Eleventh Circuit's decree that, "what is small in principal is often large in principle." Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1561 (11th Cir. 1986), quoting, Jenkins v. United Gas Corp., 400 F.2d 28, 32-33 (5th Cir. 1968). Its arguments that Plaintiff was awarded no monetary damages should play no part in any award of equitable relief that will further the mandate of Title VII. Likewise, its claim of compliance with Title VII is belied by the verdict in this case, that Defendant engaged in unlawful employment practices. Plaintiff respectfully requests this Court to order the requested relief.

Respectfully submitted this 12th day of April, 2018,

  /s/ Lisa C. Lambert

| | |
|---|---|
| J. Stephen Mixon | Lisa C. Lambert |
| Georgia Bar No. 514050 | Georgia Bar No. 142135 |
| MILLAR & MIXON, LLC | Law Office of Lisa C. Lambert |
| 1691 Phoenix Boulevard | 245 N. Highland Avenue |
| Suite 150 | Suite 230-139 |
| Atlanta, Georgia 30349 | Atlanta, Georgia 30307 |
| (770) 955-0100 | (404) 556-8759 |
| steve@mixon-law.com | lisa@civil-rights.attorney |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

   /s/ Lisa C. Lambert
Lisa C. Lambert

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification to Defendant's counsel of record.

   /s/ Lisa C. Lambert
Lisa C. Lambert